**HE ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72005.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Thomas V. Massucci, Law Office of Thomas V. Massucci, New York, NY, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Clare E. Connors, San Francisco, CA, Office of the U.S. Attorney, Honolulu, HI, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

He Zheng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Zheng testified that the Chinese authorities persecuted him in part because they believed he was involved in spying for Taiwan, yet this key fact is omitted from Zheng's asylum application and written statement. Because this omission is material and goes to the heart of Zheng's asylum claim, substantial evidence supports the agency's adverse credibility determination. *See Li,* 378 F.3d at 962.

Further, because the agency's adverse credibility determination is supported by the record, the IJ properly considered Zheng's lack of supporting evidence, such as letters or witnesses from his U.S. church community, when denying Zheng's asylum application. *See Chebchoub v. INS,* 257 F.3d 1038, 1044–45 (9th Cir.2001).

Because Zheng failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal, and because his CAT claim is based on the same statements, he failed to establish eligibility for CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–1157 (9th Cir.2003).

Zheng's request for oral argument is denied.

**PETITION FOR REVIEW DENIED.**